UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ESTELL WAYNE BUCK,**

        **Plaintiff,**

    **v.**                       **Civil Action 2:25-cv-641**
                                     **Judge Michael H. Watson**
                                     **Magistrate Judge Chelsey M. Vascura**

**BEVERLY BROOKS,**

        **Defendant.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Estell Wayne Buck, an Ohio inmate who is proceeding without the assistance of counsel, sues prison physician Beverly Brooks under 42 U.S.C. § 1983, alleging that Defendant was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, Plaintiff **MAY PROCEED** on his individual-capacity claim for compensatory and punitive damages for deliberate indifference with regard to Defendant's delay in treating his allergic reaction, but it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's remaining claims for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff must pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has $47.49 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number A485675) at the Madison Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs

2

had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.

## I.  STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
>    (i) is frivolous or malicious; [or]
>
>    (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim

4

asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.    ANALYSIS

Plaintiff alleges that on April 11, 2025, he was treated by Defendant Beverly Brooks, a prison physician, for a toenail infection. The treatment she prescribed was an antibiotic called Bactrim. Several hours after a nurse had administered Bactrim, Defendant called Plaintiff back to the infirmary and informed him that she had "mistakenly prescribed and administered a medication for which Plaintiff has a documented extreme allergy." (Compl., ECF No. 1-2, PAGEID #16.) Defendant failed at that time to offer any treatment to counteract potential side effects. Hours later, Plaintiff began to have an allergic reaction causing "severe pain about the head and face, throat and face swelling, difficulty breathing and seeing as well as severe blistering of the inside of the mouth." (*Id.* at PAGEID #20.) Plaintiff returned to the infirmary several times over the next several days to complain of his allergic reaction, but Defendant told him that there was nothing that could be done and that eventually he would be fine. On April 17, 2025, six days after receiving Bactrim, Plaintiff received steroid therapy, a liquid dietary supplement, and was started on a different antibiotic.

Plaintiff maintains that Defendant acted with deliberate indifference to a serious medical need when she (1) disregarded a documented allergy and caused Bactrim to be administered to Plaintiff, and (2) refused to immediately treat plaintiff's allergic reaction. (*Id.*) He seeks compensatory and punitive damages and a declaratory judgment.

Having performed the initial screen under §§ 1915(e)(2) and 1915A, Plaintiff may proceed on his individual-capacity Eighth Amendment claim for compensatory and punitive damages for deliberate indifference to a serious medical need with regard to Defendant's failure to treat Plaintiff's allegoric reaction. But Plaintiff's remaining claims must be dismissed.

5

First, Plaintiff's claim for declaratory judgment must be dismissed. "When seeking declaratory and injunctive relief, a plaintiff must show actual present harm or a significant possibility of future harm in order to demonstrate the need for preenforcement review." *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997). In other words, "[p]ast harm allows a plaintiff to seek damages, but it does not entitle a plaintiff to seek injunctive or declaratory relief." *Kanuszewski v. Michigan Dep't of Health & Hum. Servs.*, 927 F.3d 396, 406 (6th Cir. 2019). Plaintiff does not allege any ongoing or likely future violations of his constitutional rights. His claims for declaratory judgment must therefore be dismissed.

Further, to the extent that Plaintiff advances claims for compensatory and punitive damages against Defendant in her official capacity, those claims must be dismissed under the doctrine of sovereign immunity. The Eleventh Amendment operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cty.*, 211 F.3d 331, 334 (6th Cir. 2000). A suit against a state official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office," and is therefore "no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "There are three exceptions to sovereign immunity: (1) when the state has waived immunity by consenting to the suit, (2) when Congress has expressly abrogated the states' sovereign immunity, and (3) when the doctrine set forth in *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), applies." *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017) (citation omitted). None of these exceptions apply to Plaintiff's Complaint. First, "Ohio has not waived sovereign immunity in federal court." *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Second, "Section 1983 does not abrogate Eleventh Amendment immunity." *Boler*, 865

F.3d at 410 (citing *Will*, 491 U.S. at 66). Third, the *Ex Parte Young* doctrine applies only when a plaintiff brings "claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations." *Boler*, 865 F.3d at 412. Plaintiff's claims for compensatory and punitive damages fall outside the scope of *Ex Parte Young*. Accordingly, any official-capacity claims for damages must be dismissed.

This leaves Plaintiff's individual-capacity claims for compensatory and punitive damages for deliberate indifference from a serious medical need. It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations omitted). A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The United States Court of Appeals for the Sixth Circuit has explained:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004).] The subjective component regards prison officials' state of mind. *Id.* Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 896 (internal quotation marks and citation omitted).

*Barnett*, 414 F. App'x at 787–88; *see also Jones*, 625 F.3d at 941 ("[T]he prison official must have acted with a state of mind similar to recklessness. Thus, to prove the required level of culpability, a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk.") (citations omitted). "In examining whether a claimed injury is 'sufficiently serious'" to sustain a claim for deliberate indifference, "courts look to the

*effect* of any delay in treatment caused by an officer's inaction." *Vaughn v. City of Lebanon*, 18 F. App'x 252, 274 (6th Cir. 2001) (emphasis in original). Specifically, a plaintiff "who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Id.* (citing *Napier v. Madison Cty., Ky.*, 238 F.3d 739, 742 (6th Cir. 2001)).

> The Sixth Circuit has also noted that in the context of deliberate indifference claims:

> "[W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Id.* However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id.*

*Alspaugh*, 643 F.3d at 169. *See also Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) ("If the plaintiff's claim, however, is based on the prison's failure to treat a condition adequately . . . the plaintiff must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." (internal quotation marks and citation omitted)). Moreover, "when a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Id.* at 591. (cleaned up).

Here, Plaintiff alleges deliberate indifference to a serious medical need based on two related incidents: Defendant's prescription of a medication to which Plaintiff had a documented allergy, and Defendant's refusal to treat Plaintiff's allergic reaction. As to the mis-prescribed medication, Plaintiff alleges that the Bactrim was prescribed "mistakenly." (Compl., ECF No. 1-2, PAGEID #16.) He does not allege that Defendant was subjectively aware at the time she

8

prescribed the Bactrim that Plaintiff was allergic. His allegations suggest that Defendant became subjectively aware of the allergy only several hours after the Bactrim had been administered. Thus, Defendant's prescription of Bactrim may have been "careless[ ] or inefficacious[ ]," but it does not reflect a deliberate indifference to Plaintiff's needs rising to the level of a constitutional violation. *See Santiago*, 734 F.3d at 591. Plaintiff's deliberate indifference claim arising out of the prescription of Bactrim must therefore be dismissed.

After Plaintiff began to experience an allergic reaction, however, Defendant refused to provide any further treatment at all for six days, insisting that Plaintiff would eventually be fine. Plaintiff's allegations that he suffered six days of pain, swelling, difficulty breathing, and severe blistering reflect a sufficiently serious medical need. Moreover, Defendant's refusal to provide *any* treatment for the allergic reaction for six days, coupled with Plaintiff's eventual treatment with steroids and a different antibiotic when he did not recover, plausibly suggest that Defendant was deliberately indifferent to that serious medical need. The undersigned therefore does not recommend dismissal of this claim.

### III. DISPOSITION

For the reasons above, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. Plaintiff **MAY PROCEED** on his individual-capacity claim for compensatory and punitive damages for deliberate indifference with regard to Defendant's delay in treating Plaintiff's allergic reaction, but it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's remaining claims for failure to state a claim on which relief may be granted.

Plaintiff has submitted a completed summons form (Form AO-440) (ECF No. 1-3) and a completed service of process by U.S. Marshal form (Form USM-285) (ECF No. 1-5). The Clerk is **DIRECTED** to issue the summons and the United States Marshal is **DIRECTED** to serve by

certified mail upon Defendant the issued summons, a copy of the Complaint, and a copy of this Order and Report and Recommendation.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE