**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


**ESTELL WAYNE BUCK,**

       **Plaintiff,**

  **v.**

                                                    **Civil Action 2:25-cv-641**
                                                    **Judge Michael H. Watson**
                                                    **Magistrate Judge Chelsey M. Vascura**

  **BEVERLY BROOKS,**

       **Defendant.**


## ORDER

This matter is before the Court on Defendant's Motion to Strike Plaintiff's Second Amended Complaint (ECF No. 33). Plaintiff filed his Second Amended Complaint (ECF No. 32) on February 2, 2026, without first seeking leave of Court or obtaining Defendant's consent, after having already filed his First Amended Complaint (ECF No. 6) on August 14, 2025, as a matter of course under Federal Rule of Civil Procedure 15(a)(1). Thus, Plaintiff's filing of the Second Amended Complaint was not permitted under Federal Rule of Civil Procedure 15(a)(1) or (2). Striking the Second Amended Complaint is therefore appropriate.

Plaintiff's arguments to the contrary are unavailing. The Scheduling Order provides that "*[m]otions* or stipulations addressing the parties or pleadings, if any, must be filed on or before March 6, 2026." (ECF No. 29.) Thus, the Scheduling Order does not permit Plaintiff to file a an amended pleading without first moving for leave of Court. Nor was Plaintiff permitted to amend his pleading without leave of Court or Defendant's consent under Rule 15(a)(1), because that rule permits unilateral amendments only "*once* as matter of course." Fed. R. Civ. P. 15(a)(1).

Plaintiff already availed himself of this Rule when he filed his First Amended Complaint on August 14, 2025, without leave of Court or Defendant's consent. He therefore cannot rely on this rule to legitimize his unilateral pleading amendment a second time.

Finally, even if the Court were to liberally construe Plaintiff's Second Amended Complaint (and his opposition to Defendant's Motion to Strike) as a motion for leave to amend his Complaint under Rule 15(a)(2), Plaintiff has not demonstrated that "justice . . . requires" leave to amend. *See* Fed. R. Civ. P. 15(a)(2). Despite Plaintiff's assertions, the Court can discern no substantive difference between the allegations in the First and Second Amended Complaints. Granting amendment, and requiring Defendant to respond to a redundant pleading, would therefore contravene Rule 1's admonishment that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

For these reasons, Defendant's Motion (ECF No. 33) is **GRANTED**. The Court **STRIKES** Plaintiff's Second Amended Complaint (ECF No. 32) from the docket.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

2